UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-cv-377-KSF

J & J SPORTS PRODUCTIONS, INC.                                          PLAINTIFF

v.  **OPINION & ORDER**

MINERVA R. CASTILLO, individually
and d/b/a EL RANCHO TAPITIO, and
RIOS, INC., an unknown business entity d/b/a
EL RANCHO TAPITIO                                                       DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court are the motions of the Defendant, Minerva R. Castillo, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE #8, 15]. Also before the Court is the motion of the Defendant, Rios Inc., for leave to file an answer to J & J's Amended Complaint [DE #17]. These motions are ripe for review.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, J & J Sports Productions, Inc. ("J & J"), filed this cable piracy action on November 6, 2013 pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.* and the Cable and Television Consumer Protections Competition Act of 1992, as amended, 47 U.S.C. § 553, against the Defendants, Minerva R. Castillo, individually and d/b/a El Rancho Tapatio, and Rios Inc., an unknown business entity d/b/a/ El Rancho Tapatio. J & J alleges that it was granted the exclusive nationwide commercial distribution rights to the *Manny Pacquiao v. Juan Michael*

1

*Marquez III WBO Welterweight Championship Fight Program* (the "*Program*") telecast nationwide on Saturday, November 12, 2011. Nevertheless, J & J alleges that the Defendants unlawfully intercepted and publically exhibited the *Program* without payment or authorization. Accordingly, J & J now seeks statutory damages as well as attorneys' fees and costs.

Castillo filed her first motion to dismiss pursuant to Rule 12(b)(6) on January 4, 2014 [DE #8]. In her motion, Castillo contends that J & J has failed to establish that she had the requisite supervision authority or financial interest to warrant individual liability in this case. She also argues that J & J's state law conversion claim against her fails under Rule 8(a) of the Federal Rules of Civil Procedure because J & J failed to allege any facts showing that Castillo actually participated in any act of conversion.

On January 25, 2014, J & J filed its First Amended Complaint as a matter of course [DE # 11]. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, no leave of court was required for the filing of this amended pleading, and under Rule 15(a)(3) of the Federal Rules of Civil Procedure, the Defendants were required to respond to this amended pleading within 14 days of service. The Defendants failed to timely respond to J & J's Amended Complaint. On February 21, 2014, the Court entered its Order requiring the parties to file a Joint Status Report of the status of this matter [DE #14]. In response to this Order, Castillo filed her renewed motion to dismiss, or in the alternative, for leave to file an answer [DE #15], and Rios filed its motion for leave to file its answer, along with a tendered Answer to the First Amended Complaint [DE #17]. These motions are now ripe for review.

## II. CASTILLO'S MOTIONS TO DISMISS THE FEDERAL CLAIMS WILL BE DENIED

### A. MOTION TO DISMISS STANDARD

The standard for ruling on a motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41 (1957). Specifically, the Supreme Court stated in *Twombly*:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id*. at 555 (internal citations and quotation marks omitted).

In ruling upon a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). A district court may not grant a Rule 12(b)(6) motion because it does not believe the allegations. *Wright v. MetroHealth Medical Center*, 58 F.3d 516, 519 (6th Cir. 1995). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). *See also New Albany Tractor Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011)("[C]ourts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action"). "Although we must accept all of the complaint's factual allegations as true, we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Gahafer v. Ford Motor Co.*, 328

F.3d 859, 861 (6th Cir. 2003)(quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### B.  THE FEDERAL STATUTES

J & J's piracy claims are based on two federal statutes. The first statute, section 553(a)(1) makes it illegal to intercept or receive without authorization any communications service offered over a cable system. 47 U.S.C. § 553(a)(1). Under this statute, a party may recover actual damages, or, in the alternative, an award of statutory damages for all violations involved in the action in an amount not less than $250 but not greater than $10,000. 47 U.S.C. § 553(a)(3)(A)(i) and (ii). Because there is no *mens rea* or scienter requirement for a violation of § 553, intent is immaterial to liability. *Joe Hand Promotions, Inc. v. Easterling*, 2009 WL 1767579, at *4 (N.D. Ohio June 22, 2009). However, where the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages, either actual or statutory, by an amount not more than $50,000. 47 U.S.C. § 553(c)(3)(B). Section 553 also provides for an award of costs and reasonable attorney's fees. 47 U.S.C. § 553(c)(2)(C).

The second statute, section 605(a), prohibits the unauthorized interception of radio communications. 47 U.S.C. § 605. Courts have construed this statute as outlawing satellite signal piracy. *Cablevision of Michigan, Inc. v. Sports Palace, Inc.*, 1994 WL 245584, at *3 (6th Cir. June 6, 1994). Under § 605, an aggrieved party may recover actual damages or statutory damages of not less than $1,000 or more than $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(l) and (ll). Section 605 is a strict liability statute. *See Easterling*, 2009 WL 176569 at *4. Additionally, where the court finds that the violation was committed willfully and for purpose of commercial advantage

4

or private financial gain, the court, in its discretion, may increase the award of actual or statutory damages by an amount not to exceed $100,000. 47 U.S.C. § 605(e)(3)(c)(ii). Section 605 also permits an award of costs and reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii).

Although Sections 553 and 605 are facially similar, Section 605(a) has been explained as outlawing satellite signal piracy, which Section 553 bans only the theft of programming directly from a cable system. While these statutes are based on different modalities of cable theft, J & J cannot recover damages under both sections for the same conduct. However, at this stage of the litigation, J & J is permitted to proceed on these separate theories of liability. *See* Fed.R.Civ.P. 8(d)(3)(permitting a party to "state as many separate claims . . . as it has, regardless of consistency").

C. **ANALYSIS**

Castillo seeks dismissal of J & J's federal claims against her on the grounds that she cannot be held individually liable merely as an owner without any evidence that she personally participated or aided in the statutory violation. While the parties agree that an individual may be held liable if they "had a right and ability to supervise the violations, and . . . a strong financial interest in such activities," *see e.g. Joe Hand Promotions, Inc. v. Hurley*, 2001 WL 6727989, *2 (S.D. Ill. Dec. 21, 2011)(quotation omitted), they disagree as to whether the allegations in this case are sufficient.

J & J's Amended Complaint makes the following allegations:

14. Plaintiff is informed and believes, and alleges thereon that on November 12, 2011 (the night of the *Program* at issue herein, . . . ), Defendant Minerva R. Castillo, as the President of Rios, Inc. and as the sole director of Rios, Inc., was a moving and active conscious force behind the operation, advertising, and promotion of El Rancho Tapatio, and had the right and ability to supervise the activities of El Rancho Tapatio, which included the unlawful interception and exhibition of Plaintiff's *Program*.

15. Plaintiff is informed and believes, and alleges thereon that on November 12, 2011, . . . , Defendant Minerva R. Castillo, as the President of Rios, Inc., and as the sole

5

> 15. director of Rios, Inc., had the obligation to supervise the activities of El Rancho Tapatio, and is responsible for all activities that occurred therein, which included the unlawful interception and exhibition of Plaintiff's *Program*.
>
> 16. Plaintiff is informed and believes, and alleges thereon that on November 12, 2011, . . . , Defendant Minerva R. Castillo, as President of Rios, Inc., and as the sole director of Rios, Inc., specifically directed the employees of El Rancho Tapatio to unlawfully intercept and broadcast Plaintiff's *Program* at El Rancho Tapatio or that the actions of the employees of El Rancho Tapatio are directly imputable to Defendant Minerva R. Castillo by virtue of her position as President of Rios, Inc.
>
> 17. Plaintiff is informed and believes, and alleges thereon, that the unlawful broadcast of Plaintiff's *Program* was supervised and/or authorized by Defendant Minerva R. Castillo, either personally or through instruction to the employees of Rios, Inc. d/b/a/ El Rancho Tapatio, and that the broadcast of the *Program*, resulted in income and a financial benefit for El Rancho Tapatio.

[DE #11].

As is evident from the parties' briefs, there is a division of authority on whether allegations such as the ones at issue in this case are sufficient to survive a motion to dismiss. For instance, several cases have approved the adequacy of allegations similar to those in this case. *See e.g. J &J Sports Productions, Inc. v. L & J Group, LLC*, 2010 WL 816719(D.Md. Mar. 4, 2010); *J & J Sports Productions, Inc. v. Q Café, Inc.*, 2012 WL 215282, at *4 (N.D. Tex. Jan. 25, 2012)(holding defendant individually liable solely "due to her ownership of the Establishment liquor license"); *J & J Sports Productions, Inc. v. Carvajal*, 2011 WL 4499156, at *2 (D.Mass. Sept. 26, 2011)("While it is certainly possible for the complaint to have been more precise in its wording, it is nonetheless sufficient to withstand a motion to dismiss"); *Joe Hand Productions, Inc. v. La Nortena Restaurant, Inc.*, 2011 WL 1594827, at "*3 (E.D.N.Y. Mar. 28, 2011)("As it is . . . undisputed that Luna owned La Nortena, she had 'the requisite control and financial interest to be held vicariously liable for the violation'")(internal citation omitted); *J & J Sports Productions, Inc.*

*v. Betancourt*, 2009 WL 3416431, at *2 (S.D.Cal. Oct. 20, 2009). On the other hand, several other courts have reached a different result. *See e.g. J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469, 473 (E.D.N.Y. 2009)(requiring more than "the conclusory and vague charge of mere ownership of the offending entity"); *Joe Hand Promotions, Inc. v. Coaches Sports Bar*, 812 F.Supp.2d 702, 703 (E.D.N.C. 2011)("Apart from stating that Mr. Dillon is the principal of Coaches, the complaint does not mention him); *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F.Supp.2d 108, 113 (E.D.N.Y. 2011)(rejecting individual liability where sole allegation with respect to individual defendant was "mere ownership of the violating entity"); *J & J Sports Productions, Inc. v. Walia*, 2011 WL 902245, at *3-5 (N.D. Cal. Mar. 14, 2011); *J & J Sports Productions, Inc. v. Brown*, 2009 WL 3157369, at *3, (W.D.Okla. Sept. 29, 2009); *J & J Sports Productions, Inc. v. Torres*, 2009 WL 1774268, at *3-4, (M.D.Fla. June 22, 2009); *J & J Sports Productions, Inc. v. Daley*, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007).

Upon review of these cases, and those cited by the parties, this Court is persuaded that J & J's allegations of individual liability satisfy the pleading standard established by Rule 8 of the Federal Rules of Civil Procedure, and as articulated by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In *Iqbal*, the plaintiff sued John Ashcroft, the former Attorney General of the United States, and several other high ranking federal officials, alleging their liability under 42 U.S.C. § 1983 for adoption of "an unconstitutional policy that subjected [plaintiff] to harsh conditions of confinement on account of his race, religion, or national origin." *Id*. at 666. The allegations in the plaintiff's complaint were that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Id*. at 679

(quoting complaint). On review, the Supreme Court held that such "bare assertions" amounted to "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" and that, as such, "the allegations are conclusory and not entitled to be assumed true." *Id*. (quoting *Twombly, supra,* 550 U.S. at 555). In reaching this conclusion, the Supreme Court emphasized its earlier guidance in *Twombly* with respect to the federal pleading standard: "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Here, however, J & J's allegations, while partly conclusory, also allege Castillo's personal knowledge of and ability to supervise and control, as well as the alleged unlawful interception of the Program. In ¶¶ 14 and 16 of the Amended Complaint, J & J alleges that Castillo "was a moving and active conscious force" behind the unlawful interception and that she "specifically directed the employees of El Rancho Tapatio to unlawfully intercept and broadcast" the Program [DE #11]. At this stage of the litigation, prior to any discovery, J & J's allegations are thus sufficient to assert individual liability against Castillo. Accordingly, Castillo's motions to dismiss the federal claims will be denied.

### III. CASTILLO'S MOTION TO DISMISS J &J'S REMAINING CLAIMS WILL ALSO BE DENIED

Castillo also argues that J & J's conversion claim fails under Kentucky law. In Kentucky, "conversion is the wrongful exercise of dominion and control over property of another." *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626,627 (Ky.App. 1990). Castillo argues that J & J has failed to set forth facts warranting the imposition of personal liability against her for the

alleged wrongs of the corporation. However, for the reasons set forth above, the Court finds that the Amended Complaint is sufficient to state a viable claim of conversion against Castillo. Accordingly, Castillo's motion to dismiss J & J's conversion claim will be denied.

Finally, Castillo argues that J & J's complaint fails to comply with the pleading standard of Rule 9(f) of the Federal Rules of Civil Procedure. Rule 9(f) requires "[a]n allegation of time or place is material when testing the sufficiency of a pleading. Inasmuch as J & J's Complaint and Amended Complaint clearly allege a time and a place, Castillo's argument is irrelevant and will be rejected.

## IV. MOTIONS FOR LEAVE TO FILE ANSWER

In the event that the Court denies her motions to dismiss, Castillo has filed an alternative motion for leave to file an answer [DE #15]. In support of her motion, she argues that she failed to answer the First Amended Complaint because she believed it was unnecessary due to the pending motion to dismiss. The Court, finding no prejudice to J & J, will grant Castillo's motion.

Rios has also filed its motion for leave to file its answer to J & J's Amended Complaint [DE #17]. In support of its motion, Rios argues that it did not believe an answer to the amended complaint was necessary because the amended complaint did not change any allegations against Rios, rather it merely included additional language to support its claims against Castillo. The Court, finding no prejudice to J & J, will also grant Rios' motion.

## V. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     Castillo's motions to dismiss [DE ## 8, 15] are **DENIED**;

(2) Castillo's alternative motion for leave to file an answer [DE #15] is **GRANTED**, and the Clerk shall **FILE** Castillo's tendered Amended Answer [DE# 19]; and

(3) Rios, Inc.'s motion for leave to file its answer to J & J's Amended Complaint [DE #17] is **GRANTED**, and the Clerk shall **FILE** Rios' tendered Amended Answer [DE #18]

This March 27, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

for Karl S. Forester, Senior Judge